| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD SPENCE,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary, et al.,<br><br>Respondent. | Case No. 14-cv-1624 BAS (KSC)<br><br>**ORDER:**<br>**(1) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND**<br><br>**(2) DENYING PETITION**<br><br>**[ECFs 14, 1]** |

On July 8, 2014, Petitioner James Edward Spence, a state prisoner proceeding *pro se*, filed this Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254. ECF 1. This first Petition failed to properly name a respondent, so the Court dismissed it without prejudice. ECF 2. On August 1, 2014, Petition filed an amended Petition seeking relief from constitutional violations stemming from his state court trial. ECF 4.

Magistrate Judge Karen S. Crawford's briefing schedule required the Response to be due on October 13, 2014 and any Traverse to be submitted by November 12, 2014. ECF 5. Respondents filed a Response and Lodgments. ECFs

11, 12-1–12-20. Petitioner did not file a Traverse. On March 9, 2015, Judge Crawford issued a Report and Recommendation ("Report") recommending that this Court deny the Petition for Writ of *Habeas Corpus*. Judge Crawford ordered any objections to be filed by April 6, 2015, and any replies by April 20, 2015. To date, no objections have been filed, and neither party has requested additional time to do so.

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the *de novo* review is waived." *Marshall v. Astrue*, No. 08cv1735, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, the deadline for filing objections was on April 6, 2015. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Having nonetheless conducted a *de novo* review of the FAP, the Response, and the Report, the Court hereby approves and **ADOPTS** the Report in its entirety (ECF 14), and **DENIES** the Petition for Writ of *Habeas Corpus* (ECF 4). Moreover, because reasonable jurists would not find the Court's

1 assessment of the claims debatable or wrong, the Court **DENIES** a certificate of
2 appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3   **IT IS SO ORDERED.**

4 Dated: April 29, 2015

Hon. Cynthia Bashant
United States District Judge